## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JOVON MONTELL HOLLOWELL,<br>BOP Reg. No. 59645509,<br>　　　Movant, | MOTION  TO VACATE<br>28 U.S.C. § 2255 |
| v. | CRIMINAL ACTION NO.<br>1:21-cr-0239-JPB-JKL-1 |
| UNITED STATES OF AMERICA,<br>　　　Respondent. | CIVIL ACTION NO.<br>1:24-cv-3924-JPB-JKL |

## <u>ORDER AND FINAL REPORT AND RECOMMENDATION</u>

Movant JoVon Montell Hollowell, a federal prisoner currently confined at the federal correctional institution in Memphis, Tennessee, has filed a *pro se* 28 U.S.C. § 2255 motion to vacate challenging his 2022 convictions and sentences in this Court for one count of dealing firearms without a license and two counts of making false statements to a federally licensed firearms dealer.  (*See* doc. 147 at 4; doc. 110 at 1.)  With his § 2255 motion, Movant has filed a motion to expedite these § 2255 proceedings and an application for leave to proceed *in forma pauperis* ("IFP").  (*See* doc. 147 at 1-2; doc. 148.)

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (hereinafter "Rule 4(b)") requires a court to dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the

record of prior proceedings that the moving party is not entitled to relief[.]"  28

U.S.C. foll. § 2255, Rule 4(b).  [C]ollateral review is not a substitute for a direct

appeal...."  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004)

(*per curiam*). "Generally, if a challenge to a conviction or sentence is not made on

direct appeal, it will be procedurally barred in a § 2255 challenge." *United States*

*v. Montano*, 398 F.3d 1276, 1279-80 (11th Cir. 2005) (citation omitted).  "A ground

of error is usually 'available' on direct appeal when its merits can be reviewed

without further factual development." *Mills v. United States*, 36 F.3d 1052, 1055

(11th Cir. 1994).  Similarly, "[o]nce a matter has been decided adversely to a

defendant on direct appeal it cannot be re-litigated in a collateral attack under

section 2255."  *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000)

(internal quotation marks omitted).

Movant raises four grounds for § 2255 relief:

1. his prosecution and convictions violated the Delaware Treaty of 1788;

2. his prosecution and convictions violated his Second Amendment right to keep and bear arms as established in *N.Y. State Rifle & Pistol Ass'n v Bruen*, 597 U.S. 1 (2022);

3. his prosecution and convictions violated his due process and equal protection rights including that:

2

    a.  no warrants were presented;

    b.  he was not tried in an Article III court;

    c.  his trial was not conducted according to natural law;

    d.  his tribal government was not contacted;

    e.  he was tried before a judge and jury who were not tribal members;

    f.  relevant treaties between the United States and the Cherokee were not honored;

    g.  the trial judge and prosecutors were racially prejudiced against him; and

4. the district court lacked jurisdiction over him as a "Tsalagi (Cherokee)" national.

(Doc. 147 at 7-8, 26-27, 29-34; 37-40, 49-73.)

Critically, Movant raised Grounds 3(b), 3(c), 3(d), 3(e), 3(f), and 4 on direct appeal, and the Eleventh Circuit construed them as challenges to the district court's jurisdiction and rejected them. *See* Construed Brief [2-2] at 1-3, *United States v. Hollowell*, No. 22-12905 (11th Cir. filed Aug. 31, 2022); Construed Brief [14] at 1-2, No. 22-12905 (filed Oct. 6, 2022); *United States v. Hollowell*, No. 22-12905, 2023 WL 5950500 at *1-*2 (11th Cir. Sept. 13, 2023) (unpublished). Movant cannot relitigate these claims in his § 2255 motion. *Nyhuis*, 211 F.3d at 1343.

3

Further, to the extent that Movant presents new, distinct grounds for relief in Grounds 1, 2, 3(a), and 3(g), these grounds are procedurally barred on § 2255 review because Movant failed to raise them on direct appeal. *See Lynn*, 365 F.3d at 1232. Movant has not alleged, much less shown, either cause or prejudice for failing to litigate these claims on direct appeal. *Cf. Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994) (noting that procedural default may be excused if the movant establishes one of two exceptions: (1) cause for the default and actual prejudice from the alleged error, or (2) a fundamental miscarriage of justice, covering "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent"). Because Movant represented himself *pro se* on appeal, Movant cannot establish cause in the form of ineffective assistance of appellate counsel.

Nor has Movant shown his factual innocence of the offenses of conviction such that the procedural default may be excused. *See McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013) (stating that "actual innocence, if proved, serves as a gateway through which a [habeas corpus] petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations."); *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995) (explaining that, to state a credible claim of actual

4

innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt").  Movant's jurisdictional and Second Amendment challenges are, at bottom, claims of legal innocence which are insufficient to satisfy the actual innocence standard.  *See McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011) ("[F]or purposes of the actual innocence exception, 'actual innocence' means *factual* innocence, not mere legal insufficiency.") (quotation omitted) (emphasis in original).  In any event, as explained by the Eleventh Circuit on direct appeal, the district court possessed jurisdiction over Movant's criminal case under 18 U.S.C. § 3231, and Movant's jurisdictional challenges are frivolous.  *See Hollowell*, 2024 WL 5950500 at *2. Additionally, federal courts repeatedly have determined that §§ 922(a)(1)(A) and (a)(6) do not violate the Second Amendment in light of *Bruen*.  *See, e.g.*, *United States v. Manney*, -- F.4th -- , 2024 WL 3853846 at *3-4 (9th Cir. 2024) (holding that § 922(a)(6) is not unconstitutional under *Bruen*); *United States v. Scheidt*, 103 F.4th 1281, 1284 (7th Cir. 2024) (same); *United States v. Austin*,-- F. Supp. 3d --, 2024 WL 1580079 at *7-9 (S.D.N.Y. April 11, 2024) (holding that § 922(a)(1)(A) is not unconstitutional under *Bruen*); *United States v. McNulty*, 684 F. Supp. 3d 14,

21-21 (D. Mass. Jul. 27, 2023) (same); *United States v. Flores*, 652 F. Supp. 3d 796, 803 (S.D. Tex. Jan. 23, 2023) (same).  As a result, all grounds presented in the § 2255 motion are procedurally defaulted.

Accordingly, **IT IS RECOMMENDED** that the § 2255 motion be **DISMISSED WITH PREJUDICE** under Rule 4(b).  *See Acosta v. Artuz*, 221 F.3d 117, 123 (2nd Cir. 2000) ("[T]he authority to raise [] procedural defenses *sua sponte* is consistent with the authority provided to the district courts in 2254 Habeas Rule 4 and 2255 Habeas Rule 4(b).").

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).  Because reasonable jurists would not debate the determination that all grounds in the § 2255 motion are procedurally defaulted, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.  *See id.*  If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

To the extent that this Report and Recommendation provides the requested Order, Movant's motion to expedite (contained within [147]) is **GRANTED**.

Movant's application for leave to proceed *in forma pauperis* [148] is **DENIED AS UNNECESSARY**.  Movant is not required to submit any fees in order to file a § 2255 motion.

The Clerk of Court is **DIRECTED** to terminate the referral to the undersigned United States Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 19th day of September, 2024.

JOHN K. LARKINS III
United States Magistrate Judge

7