UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOVON MONTELL HOLLOWELL,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CRIMINAL ACTION NO.<br>1:21-CR-0239-JPB-JKL-1<br><br>CIVIL ACTION NO.<br>1:24-CV-3924-JPB |

# **ORDER**

This matter is before the Court on the Final Report and Recommendation ("R&R"), [Doc. 149], in which United States Magistrate Judge John K. Larkins III recommends that the pending 28 U.S.C. § 2255 Motion to Vacate, [Doc. 147], be denied. Movant Jovon Montell Hollowell ("Movant") filed his objections to the R&R on October 7, 2024, [Doc. 151], and filed a supplement to his objections on October 25, 2024 ("Supplemental Objections"), [Doc. 152].[1] This Court finds as follows:

---

[1] The R&R was entered on September 19, 2024, [Doc. 149], and Movant filed his Supplemental Objections on October 25, 2024, [Doc. 152]. Although Movant's Supplemental Objections were untimely, the Court will still consider them. See Fed. R. Civ. P. 72(b) (noting that a party must file objections to a Report and Recommendation within fourteen days of being served with a copy of the Report & Recommendation); Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made . . . [by mail], 3 days are added after the period would otherwise expire."); see also Willis v. Bowman, No. 23-cv-40, 2023 WL 3337247, at *1

**I.    BACKGROUND**

In his § 2255 Motion to Vacate, Movant challenges his 2022 conviction and sentence in this Court for one count of dealing firearms without a license and two counts of making false statements to a federally licensed firearms dealer.  [Doc. 110].  The Magistrate Judge recommends that the Motion to Vacate be denied pursuant to Rule 4[2] because:  (1) several of Movant's claims for relief have already been decided against him on direct appeal; and (2) the remainder of his claims are procedurally barred, and Movant has not shown cause and prejudice[3] or a miscarriage of justice to lift the procedural bar.  [Doc. 149, pp. 3–6].  The Magistrate Judge further recommends that Movant be denied a certificate of appealability.

**II.    LEGAL STANDARD**

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations.  United States v. Raddatz, 447 U.S. 667, 680 (1980).  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any

---

(S.D. Ga. May 10, 2023) ("The Court has no obligation to consider untimely objections.").

[2] Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  Under Rule 4, a court must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  28 U.S.C. foll. § 2255, Rule 4(b).

[3] Movant proceeded *pro se* at trial and on appeal, and thus, he has no viable claim of ineffective assistance of counsel.

portion of the Report and Recommendation that is the subject of a proper objection *de novo* and any non-objected-to portion under a "clearly erroneous" standard. Notably, a party objecting to a recommendation "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted). Placing this burden on the objecting party "facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009).

## III.  DISCUSSION

Movant's objections merely reiterate his claims for relief regarding this Court's purported lack of jurisdiction and his immunity from criminal prosecution because of his membership in a Native American tribe. For instance, Movant has not argued that the Magistrate Judge erred in determining that his claims are barred under the doctrine of *res judicata* or are procedurally defaulted. As such, Movant's objections are without merit. See, e.g., Jones v. Ford, No. 20-CV-00422, 2023 WL 1790082, at *1 (M.D. Ga. Jan. 4, 2023) ("Putting forward the same arguments—particularly in a louder 'voice' couched in more dramatic language—is not sufficient to warrant the Court's consideration."); Albu v. Home Depot, Inc., No. 15-CV-00412, 2017 WL 10752731, at *2 (N.D. Ga. Mar. 20, 2017) (finding

the plaintiffs' objections were without merit where they relied "primarily on the same arguments they made to the Magistrate Judge, who exhaustively addressed these arguments and both the persuasive and binding authority on the matter"); Holland v. Colvin, No. 14-CV-194, 2015 WL 1245189, at *3 (N.D. Ala. Mar. 18, 2015) (reasoning that objections which merely restate arguments previously presented are general in nature and insufficient to alert the court to alleged errors of the magistrate judge). Moreover, to the extent that Movant raises arguments in his objections that were not presented before the Magistrate Judge, the Court declines to consider such arguments. See Williams v. McNeil, 557 F.3d 1287, 1291 (11th Cir. 2009) (finding that a district court did not abuse its discretion by refusing to consider arguments not presented to the magistrate judge).

Accordingly, Movant's objections are **OVERRULED**. Further, this Court has reviewed the record and determines that the Magistrate Judge is correct that Movant's § 2255 Motion to Vacate must be **DENIED**.

## IV. Conclusion

Accordingly, the R&R, [Doc. 149], is **ADOPTED** as the order of the Court, the pending § 2255 motion, [Doc. 147], is **DENIED** and a certificate of appealability is **DENIED**. Movant's other pending motions, [Doc. 145]; [Doc. 146], are **DENIED** as moot. The Clerk is **DIRECTED** to close Case Number 1:24-CV-03924-JPB.

**SO ORDERED** this 22nd day of November, 2024.

_____
**J. P. BOULEE**
United States District Judge